IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOURGOS DIAMANTOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3097 |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECTOR OF CORRECTIONS, et al., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

This matter is before the Court for initial review of the complaint filed by the plaintiff, Yourgos Diamantopoulos, a prisoner who is serving a life sentence in the custody of the Nebraska Department of Correctional Services ("DCS"). Also before the Court are plaintiff's motions for leave to proceed *in forma pauperis* ("IFP") (Filing Nos. 2 and 6); plaintiff's motion for appointment of counsel (Filing No. 3); and plaintiff's motion for jury demand (Filing No. 4). The plaintiff brings this action pursuant to 42 U.S.C. § 13981, the Violence Against Women Act; 42 U.S.C. §§ 2000e *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"); and 42 U.S.C. § 1983.

The plaintiff asserts to have been born genetically "intersexed" and was raised as a female in Greece until abducted and brought to the United States by a member of the Rehbein family. The plaintiff denies the validity of DCS records

identifying her as Gary Rehbein, a male.  Furthermore, the plaintiff alleges to have experienced medical experimentation, involuntary mental health treatment and gender-motivated violence while in DCS custody.

By moving for leave to proceed IFP, plaintiff's complaint is subjected to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
>    (A) the allegation of poverty is untrue; or
>
>    (B) the action or appeal --
>
>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief against a defendant who is immune from such relief.[1]

Whether or not the plaintiff may qualify financially to proceed IFP, the complaint and this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  The complaint fails to

---

[1] The complaint does not clearly delineate the nature of the relief sought.  However, construed liberally, the complaint appears to request both injunctive and monetary relief.

state a claim on which relief may be granted, and the plaintiff seeks monetary relief from a defendant with immunity from such relief.

Violence Against Women Act

In *United States v. Morrison*, 529 U.S. 598 (2000), the United States Supreme Court struck down 42 U.S.C. § 13981, the section of the Violence Against Women Act which provided a federal civil remedy for victims of gender-motivated violence. The *Morrison* Court concluded that 42 U.S.C. § 13981 exceeded Congress' legislative authority under the Commerce Clause and under the enforcement clause of the Fourteenth Amendment. See *United States v. Morrison*, 529 U.S. at 617-18:

> We accordingly reject the argument that Congress may regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce. The Constitution requires a distinction between what is truly national and what is truly local. . . . In recognizing this fact we preserve one of the few principles that has been consistent since the [Commerce] Clause was adopted. The regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States.

As Congress lacked authority to enact the civil remedy provision of the Violence Against Women Act, the plaintiff may not base any claims on that statute.

Title VII

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment based on criteria such as gender. Title VII states, in pertinent part:

> It shall be an unlawful employment practice for an employer --
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). However, as the plaintiff does not complain of discrimination *in employment*, the complaint fails to state a claim on which relief may be granted under Title VII.

-4-

42 U.S.C. § 1983

The plaintiff has sued various agencies of the State of Nebraska and State employees in their official capacity. However, State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing a state, state agencies or state employees in their official capacity for damages, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. *See, e.g., Morstad v. Department of Corrections and Rehabilitation*, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." *See also Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'. . ." (Citations omitted.) No waiver of sovereign immunity applies to this case.

Furthermore, "[a] State's constitutional interest in its sovereign immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (emphasis in original).

-5-

*See also Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999): "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction." *See also Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 39-40 (1994): "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." *Accord Trevelen v. University of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996): "The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens." The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).

While damages may not be recovered, a private party may seek prospective injunctive relief in federal court against state officials, even if the state is otherwise protected by the Eleventh Amendment. *See, e.g, Klingler v. Director, Dept. of Revenue*, 281 F.3d 776, 777 (8th Cir. 2002) (Under the doctrine of *Ex Parte Young*, 209 U.S. 123, 155-56 (1908), a plaintiff may seek prospective injunctive relief against state officials.).

However, in this case, the events alleged in the complaint all occurred in the past, and any claim for injunctive relief has become moot.  The plaintiff has alleged no basis for prospective injunctive relief and no facts suggesting any immediate threat of present or future injury.

In the above-entitled case, the plaintiff fails to state a claim on which relief may be granted, at least in this court, and the plaintiff may not recover monetary or injunctive relief.  Therefore, this action and the plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 13th day of May, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court