IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOURGOS DIAMANTOPOULOS,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF CORRECTIONS, et al.,<br><br>Defendants. | ) | 4:05CV3097<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the "Notice of Appeal" (Filing No. 11) filed by the plaintiff, Yourgos Diamantopoulos. Also before the Court is a memorandum from the Clerk of Court (Filing No. 12) inquiring whether the plaintiff will be proceeding in forma pauperis ("IFP") on appeal. The plaintiff, an inmate in the custody of the Nebraska Department of Correctional Services ("DCS"), appeals the memorandum opinion (Filing No. 9) and the order and judgment (Filing No. 10) dismissing the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The Court dismissed the complaint for failure to state a claim on which relief may be granted, and because the plaintiff sought monetary relief from a defendant with immunity from such relief.

Title 28, U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in

writing that it is not taken in good faith." *Accord Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997). Having considered the record in this action, the Court will certify that this appeal is frivolous and is not taken in good faith.[1]

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has thirty (30) days following service of the Clerk's notice to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed

---

[1] *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

In addition to the grounds for dismissal stated in its memorandum opinion (Filing No. 9), the plaintiff bases his appeal on allegations of judicial bias relating to an individual who was not named as a party in the complaint. In fact, the Notice of Appeal names a multitude of new defendants and omits the defendants designated as such in the complaint. Because the plaintiff has no other pending cases, and because the Notice of Appeal bears the case number for the above-entitled action, the Court assumes that the plaintiff intended the Notice of Appeal to be filed in this litigation, despite the discrepancies in the case captions.

in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. *Id*. Accordingly,

IT IS ORDERED:

1) That, pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this memorandum and order to the parties and the Eighth Circuit Court of Appeals as notice that the plaintiff has been denied in forma pauperis status on appeal, and that the appeal has been determined not to be in good faith; and

2) That, pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has thirty (30) days, after service of this memorandum and order, to file a motion with the Eighth Circuit Court of Appeals for leave to proceed in forma pauperis on appeal.

DATED this 20th day of June, 2005.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court